In the Matter of the Claim of 151 EAST 50TH STREET RESTAURANT CORPORATION, Operating VERSAILLES RESTAURANT, Appellant. ISADOR LUBIN, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, which modified a decision of a referee, and, as so modified, affirmed a decision against appellant assessing it for additional contributions pursuant to the Unemployment Insurance Law. Appellant is the operator of a theatre-restaurant in the city of New York. In addition to serving food it presents variety acts for the entertainment of its patrons. All of the entertainers involved in this proceeding were members of the American Guild of Variety Artists (hereafter called AGVA). Appellant engaged the services of these artists through written contracts largely of two general types, the first of which was the AGVA standard form of engagement contract, which incorporated by reference the provisions of an agreement between the appellant and AGVA. The second type of contract was not executed on the AGVA standard form of engagement contract but nevertheless incorporated within it by reference the rule and regulations of the AGVA. Needless to say the rules and regulations of the AGVA refer to variety artists as employees. Some of the contracts had riders attached which stated in essence that the artists accepted engagements as independent contractors and not as employees. There was another form of contract, separate and apart from those mentioned, which made no reference to the AGVA, and specifically provided that the artist concerned was an independent contractor and not an employee. As to the latter

contract the board found the evidence insufficient to establish the relationship of employer and employee. We find it unnecessary to discuss any of the contracts in detail. The referee decided the matter on the language of the contracts alone — in other words on labels, and in some instances at least on contradictory labels. He declined to take any proof as to supervision, direction or control, and assumed that the appellant would produce proof that no supervision, direction or control was exercised by the appellant. In our view this was an erroneous and improper method to dispose of the controversy. The taxing authority had no power to assess contributions unless the performers in question were employees and not independent contractors (Unemployment Insurance Law, § 570 [Labor Law, art. 18]). The common-law test of what constitutes an independent contractor or an employer-employee relationship is still the law of this State, and incidentally this is also the Federal rule (*Matter of Savoy Ballroom Corp.* [*Lubin*], 286 App. Div. 684; *Bartels* v. *Birmingham*, 332 U. S. 126). In applying this test of right of supervision, direction and control, to the enforcement of the statute something more is required than merely a consideration of labels, unless the parties themselves are content to rest on such labels. In the latter event the taxing authority may rest on their choice, and of course the written agreements are always evidence of the intent of the parties. In the event of a controversy however they are not conclusive and the question should be examined in the light of all the surrounding circumstances as to supervision, direction and control. A right to control as expressed in a contract may be just as fictional as any other provision. Decision of the board, insofar as appealed from reversed and the matter remitted for further consideration, with costs to the appellant against the Industrial Commissioner. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.